1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AMEL DALLUGE,

      Plaintiff,

    v.

CORRECTIONAL OFFICER
COATES, CPL CHURCH, SGT.
PONOZZO,

      Defendants.

NO.  CV-06-319-RHW

**ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT;
DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT**

Before the Court is Plaintiff's Motion for Partial Summary Judgment (Ct. Rec. 84) and Defendants' Motion for Summary Judgment (Ct. Rec. 86).  A telephonic hearing was held on the motions on March 5, 2008, in Spokane, Washington.  Plaintiff participated *pro se*; Defendants were represented by Jerry Moberg.

### BACKGROUND FACTS

The following incident is not the basis for Plaintiff's claims, but it provides the backdrop for what happened the next day, which is the basis for Plaintiff's claims.

On October 8, 2005, Plaintiff was a pretrial detainee at Grant County jail.[1]

---

[1]In June of 2005, Plaintiff was arrested on an outstanding warrant for a probation violation and was also booked for possession of methamphetamine.  He was ordered to serve 75 days in the Grant County jail as sanctions for his probation violation while he was awaiting his trial on the drug possession charge.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1**

While he was in the shower, an officer at the Grant County jail searched his cell and confiscated what she determined were extra soaps, towels, and toothbrushes that Plaintiff was not allowed to have.  When Plaintiff returned to his cell, he became very angry after he was told these items were confiscated.  He started screaming and throwing garbage around in his cell.  He dumped the water from a mop bucket out on the floor so it ran into the staff control area. He was ordered back in his cell, but instead he filled the mop bucket again in the shower and dumped it out on the floor in the common area.  He then threw the mop bucket against the windows, breaking them.  He ripped the phone receiver from the phone and tore the metal phone assembly off the wall.  He broke the handle of the broom and then armed it with a sharp piece from the phone, which he wielded as a weapon.  The jail crisis response team was called in and they took Plaintiff into custody and moved him to the crisis room.  He remained in the crisis room that night and the next day.  Plaintiff caused approximately $10,000 in damage to the jail.

Defendants Coats, Church, and Ponozzo are officers at the Grant County jail. They either observed or knew of the events surrounding the disturbance caused by Defendant on October 8, 2005.

The next day, on October 9, 2005, Plaintiff was still being housed in the crisis room.  He began yelling and banging on the wall of his cell.[2]  Defendants Coates, Church and Ponozzo responded to the noise by entering the cell.  Plaintiff was pushed, his arm twisted back behind his back, and he was pushed into the corner of the cell.  Although at this point he became subdued, he was put in a restraint chair.  Once he was restrained, Defendant Coates patted him on his head. Plaintiff attempted to escape from the restraints and was successful.  Defendants

---

[2]Plaintiff was upset regarding how the staff at the Grant County Jail was treating a female prisoner.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2**

had to return to the crisis room a number of times to re-restrain Plaintiff. After being in the restraints for thirty minutes, Plaintiff was told that if he remained calm, he would be released in thirty minutes. After an additional thirty minutes passed, Plaintiff was released from the restraint chair. He remained in the crisis room. Plaintiff was in the restraint chair for a total of one hour.

Plaintiff filed this instant 42 U.S.C. § 1983 action based on the November 9, 2005 incident. Plaintiff alleged that "a restraint chair was used against me unconstitutionally" and "Correction Officer Coates assaulted me while I was restrained." (Ct. Rec. 7). The Court ordered service (Ct. Rec. 8). Both Plaintiff and Defendants have filed Motions for Summary Judgment.

## DISCUSSION

Plaintiff argues that Officer Coates used excessive force against him when he touched him while he was in the restraint chair, and also argues that the use of the restraint chair is unreasonable, all in violation of his constitutional rights. Plaintiff argues there are no questions of fact and summary judgment in favor of him is appropriate. Defendants argue that Plaintiff has failed to show that there are any genuine issues of material fact and as a matter of law, his constitutional rights were not violated. Defendant also argues that Plaintiff's claim regarding the use of the restraint chair should be dismissed because he failed to exhaust this claim through the Grant County grievance system.

## A.    Standard of Review

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby,*

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3**

1    *Inc.,* 477 U.S. 242, 250 (1986).  The party moving for summary judgment bears the

2    initial burden of identifying those portions of the pleadings, discovery, and

3    affidavits that demonstrate the absence of a genuine issue of fact for trial.  *Celotex*

4    *Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  If the moving party meets its initial

5    burden, the non-moving party must go beyond the pleadings and "set forth specific

6    facts showing that there is a genuine issue for trial."  *Id.* at 325; *Anderson*, 477

7    U.S. at 248.

8        In addition to showing that there are no questions of material fact, the

9    moving party must also show that it is entitled to judgment as a matter of law.

10   *Smith v. Univ. of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000).

11   The moving party is entitled to judgment as a matter of law when the non-moving

12   party fails to make a sufficient showing on an essential element of a claim on

13   which the non-moving party has the burden of proof.  *Celotex*, 477 U.S. at 323.

14       When considering a motion for summary judgment, a court may neither

15   weigh the evidence nor assess credibility; instead, "the evidence of the non-movant

16   is to be believed, and all justifiable inferences are to be drawn in his favor."

17   *Anderson*, 477 U.S. at 255.

18   **B.    Exhaustion of Administrative Remedies**

19       Defendants do not dispute that Plaintiff grieved his excessive force claim;

20   however, they argue that he failed to exhaust his claim regarding the

21   unconstitutional use of the restraint chair.

22       Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall

23   be brought with respect to prison conditions under section 1983 of this title, or any

24   other Federal law, by a prisoner confined in any jail, prison, or other correctional

25   facility until such administrative remedies as are available are exhausted."  42

26   U.S.C. § 1997e(a).  The "PLRA's exhaustion requirement applies to all inmate

27   suits about prison life, whether they involve general circumstances or particular

28

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 4**

episodes, and whether they allege excessive force or something wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "[D]efendants have the burden of raising and proving the absence of exhaustion." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

Plaintiff argues that Defendants have waived any exhaustion defense when they stated in their answer that the grievance process was completed. The Court agrees. *See Handberry v. Thompson*, 436 F.3d 52, 58 (2nd Cir. 2006) ("the failure to exhaust available administrative remedies is an affirmative defense . . . [that] is waiveable."); *see also Johnson v. Testman*, 380 F.3d 691, 695 (2nd Cir. 2005) (same). In their answer, Defendants admitted "that Plaintiff filed a grievance concerning the fact relating to his complaint" and admitted "that the grievance process is completed." (Ct. Rec. 14). The Court finds that this constitutes a waiver of the failure to exhaust defense.

**C.    Whether Plaintiff's Constitutional Rights were Violated**

Plaintiff is asserting a 42 U.S.C. § 1983 claim. Section 1983 creates a cause of action against any person who, acting under color of state law, violates the constitutional rights of another person. 42 U.S.C. § 1983; *Mabe v. San Bernardino County, Dep't of Public Soc. Serv.*, 237 F.3d 1101, 1106 (9th Cir. 2001). To succeed on a section 1983 claim, Plaintiffs must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived him or her of a constitutional right. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Here, it is undisputed that Defendants were acting under the color of state law. The question, then, is whether Defendant's violated his constitutional rights.

**1.    Excessive Use of Force Claim**

Plaintiff was a pretrial detainee at the time of the events in question. The Due Process clause protects pretrial detainees from the use of excessive force that

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5**

1   amounts to punishment.  *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989);

2   *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1197 (9th Cir. 2002).  The Ninth

3   Circuit has held that the Fourth Amendment sets the "applicable constitutional

4   limitations" for considering claims of excessive force during pretrial detention.

5   *Gibson*, 290 F.3d at 1197.  Under this analysis, the court determines whether the

6   officer's use of force was "reasonable" under the Fourth Amendment, which in

7   turn requires the court to balance the nature and quality of the intrusion on the

8   individual's Fourth Amendment interests against the countervailing government

9   interests at stake.  *Id.*  In undertaking this analysis, the court must examine the

10  circumstances from the viewpoint of the reasonable officer on the scene, "rather

11  than with the 20/20 vision of hindsight."  *Id.* (quoting *Graham*, 490 U.S. at 396).

12      As an initial matter, the Court dismisses the excessive force claims as

13  applied to Defendants Church and Ponozzo.  Plaintiff has not alleged that they used

14  excessive force against him.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

15  1989) (holding that liability under section 1983 arises only upon a showing of

16  personal participation by the defendant).  Although Plaintiff asserts these

17  Defendants were yelling and making fun of him, such conduct would not rise to the

18  level of an excessive use of force claim.

19      The Court finds no reasonable jury would find that the patting or touching of

20  Plaintiff by Defendant Coates was excessive use of force or that such conduct rose

21  to the level of a constitutional violation.  *Hudson v. McMillian*, 503 U.S. 1, 10

22  (1992) ("The Eighth Amendment's prohibition of "cruel and unusual" punishments

23  necessarily excludes from constitutional recognition *de minimis* uses of physical

24  force, provided that the use of force is not a sort 'repugnant to the conscience of

25  mankind.");  *United States v. Walsh*, 194 F.3d 37, 47-78 (2nd Cir. 1999) (applying

26  *Hudson* to pretrial detainees).  As such, summary judgment in favor of Defendants

27  for the excessive use of force claim is appropriate.

28

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6**

1      ## 2.    Use of the Restraint Chair

2          Plaintiff argues that the use of the restraint chair by the Grant County jail is

3  *per se* unconstitutional because Grant County does not have a policy regarding the

4  use of the restraint chair and because no medical professionals are consulted either

5  prior, during, or after the restraint chair is used, in violation with the Washington

6  law.

7          The Court does not find that the failure to have a policy regarding the use of

8  the restraint chair, without more, is *per se* unconstitutional.  Likewise, to the extent

9  there is a applicable regulation, the Court finds that a violation of a regulation

10 requiring the use of medical professional during the use of restraints, without more,

11 does not equate to a *per se* constitutional violation.[3]

12         Plaintiff may be asserting a due process claim regarding the use of the

13 restraint chair as applied to him, although this is not necessarily clear from his

14 briefing, nor is it clear whether he is bringing a procedural or a substantive due

15 process claim.

16         In order to succeed with a procedural due process claim, Plaintiff will have

17 to establish that Defendants used the restraint chair as a means of punishing him, as

18 opposed to controlling him.  *Fuentes v. Wagner*, 206 F.3d 335, 342 (3rd Cir. 2000).

19 Here, no reasonable jury could find that the officers used the restraint chair as a

20 means of punishment.  Rather, a reasonable jury could come to one conclusion,

21 that is, that the use of the restraint chair was incident to a legitimate nonpunitive

22 governmental objective in keeping the peace at the jail, especially in light of the

23 events that took place on October 8, 2005.

24    _____

25         [3]At the hearing, Plaintiff cited to Wash. Admin. Code § 289-20-260 in
   support of his argument that the Washington regulations require the presence of a

26 medical professional.  The Court attempted to locate that regulation.  However, it
   appears that this regulation has been decodified.  Moreover, this section referred to

27 Special medical issues.

28
   **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
   JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY
   JUDGMENT ~ 7**

In order to succeed with his substantive due process claim, Plaintiff will need to show that by placing Plaintiff in the restraint chair Defendants were deliberately indifferent to his health or well-being. *Id.* at 345. Again, the Court finds that no reasonable jury would find that Plaintiff has met this burden. The record is undisputed that Defendants returned a number of times to check on Plaintiff and released him after he was compliant for thirty minutes.

As such, Plaintiff has not met his burden of showing that the use of the restraint chair evidenced at deliberate indifference to his health or well-being. Because Defendants did not violate Plaintiff's constitutional rights, summary judgment in favor of Defendants and against the Plaintiff is appropriate.

Accordingly, **IT IS HEREBY ORDERED**:

1.   Plaintiff's Motion for Partial Summary Judgment (Ct. Rec. 84) is **DENIED**.

2.   Defendant's Motion for Summary Judgment (Ct. Rec. 86) is **GRANTED**.

3.   The District Court Executive is directed to enter judgment in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order, furnish copies to Plaintiff and counsel, and close the file.

**DATED** this 7th  day of March, 2008.


*s/Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge


Q:\CIVIL\2006\Dalluge, CV-06-319\sj.wpd

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8**